IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60314
_____


LILJEBERG ENTERPRISES, INC.,
JOHN A. LILJEBERG, JR. and
ROBERT L. LILJEBERG, SR.,

                              Plaintiffs-Appellants-
                              Cross-Appellees,

                    versus

WAYNE DUCHKAR and HOSPITAL
MANAGEMENT CONSULTANTS, INC.,

                              Defendants-Appellees-
                              Cross-Appellants.

_____

Appeal from the United States District Court for
      the Southern District of Mississippi
                 (1:92-CV-587)
_____
                  March 28, 1997

Before REAVLEY, KING and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    In this diversity suit under Mississippi law, appellants

Liljeberg Enterprises, Inc., John Liljeberg and Robert Liljeberg

(Liljeberg) appeal a take nothing judgment entered against them

and in favor of Wayne Duchkar and his company, Hospital

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

Management Consultants, Inc. (collectively Duchkar). Duchkar has filed a cross appeal. We affirm.

Liljeberg complains that the district court erred in denying its motion for new trial, claiming that gross discovery violations by Duchkar and the late appearance of affirmative defenses denied it a fair trial. We review the district court's denial of a motion for new trial for abuse of discretion. *Bailey v. Daniel*, 967 F.2d 178, 179-80 (5th Cir. 1992). Likewise, the district court's rulings on requests for discovery sanctions are left to its sound discretion. *Pressey v. Patterson*, 898 F.2d 1018, 1020-21 (5th Cir. 1990).

Our review of the record reveals that the district court was confronted with the following circumstances: (1) Duchkar's original counsel had repeatedly failed to comply with discovery requests; (2) that counsel was incompetent and was in the process of being disbarred; (3) Duchkar swore by affidavit that he was unaware of his counsel's failure to respond to discovery; (4) once Duchkar retained new counsel, his new counsel endeavored to resolve outstanding discovery matters; (5) prior to trial Liljeberg was allowed to depose Duchkar, and Duchkar eventually turned over numerous documents to Liljeberg; (6) many of Duchkar's records had been destroyed or misplaced after a flood at his home; and (7) Liljeberg did not object to Duchkar's motion for leave to amend his answer. We also note that Liljeberg's discovery requests were, as a whole, very onerous. Its request for production of documents had 238 categories of documents.

2

We find no abuse of discretion in denying the motion for new trial on grounds of discovery abuse and the late appearance of affirmative defenses.  It appears from the record that Duchkar was not personally responsible for the failure to comply with Liljeberg's discovery requests.  Liljeberg was allowed to depose Duchkar prior to trial and had the opportunity to point out any inconsistencies between the deposition and Duchkar's defense at trial.  Liljeberg fails to detail to this court how further discovery would have aided it at trial.  Liljeberg did not object to the motion for leave to amend the answer.  Instead, Liljeberg also sought and obtained (over Duchkar's objection) leave to amend its complaint at about the same time Duchkar sought leave to amend his answer.  After receipt of the amended answer and prior to trial Liljeberg did not move to reopen discovery or for a continuance.  Further, the district court did enter a discovery-related sanction of sorts, since it refused to grant Duchkar leave to assert his counterclaim.  The court's handling of the discovery dispute and requests from both sides for leave to amend are a far cry from an abuse of discretion.

Liljeberg separately claims that the court erred in denying its motion for new trial based on insufficient evidence. Liljeberg contends that Duchkar's defense -- that the parties agreed that Duchkar could pay off his debt through his services -- is against the weight of the evidence.  Duchkar argues that Liljeberg did not move for a new trial on this ground, and cannot

3

raise it for the first time on appeal.  The waiver issue aside, Liljeberg's argument is without merit.

A district court may grant a new trial if the verdict is against the great weight of the evidence.  *EEOC v. Clear Lake Dodge*, 60 F.3d 1146, 1152 n.6 (5th Cir. 1995).  However, appellate review of the denial of a motion for new trial on this ground is very limited.  The district court abuses its discretion in this context only if "there is an absolute absence of evidence to support the jury's verdict."  *Roberts v. Wal-Mart Stores, Inc.*, 7 F.3d 1256, 1259 (5th Cir. 1993).  Liljeberg cannot meet this no evidence test, since there was at least some testimony supporting Duchkar's defense, namely his own testimony.

Liljeberg also argues that Duchkar's defense was really accord and satisfaction.  It claims that under Mississippi law, accord and satisfaction must be proved with clear and convincing evidence.  Duchkar argues that his defense was not accord and satisfaction, but a substitution or modification (with consideration) of the existing executory contract.

Regardless of who is right, Liljeberg did not object to the jury charge on grounds that it failed to instruct the jury on the clear and convincing standard of proof, nor did Liljeberg raise this argument in its motion for new trial.  Under FED. R. CIV. P. 51, "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."  Liljeberg

4

should have objected to the jury charge if it believed a higher burden of proof was required.

Liljeberg complains that the district court refused to give the jury its requested instruction on fraudulent inducement. We find no error in refusing to give this instruction because this claim fails as a matter of law. By entering a general verdict in favor of Duchkar, the jury necessarily accepted his defense that, after the parties entered into the original note and joint venture agreement, they entered into a new agreement or agreements allowing Duchkar to pay off the note through his services. Whether Duchkar's defense was really accord and satisfaction as Liljeberg claims, or a modification or substitution as Duchkar claims, the fraudulent inducement claim is inconsistent with the defense that the jury found. "Where the person defrauded after having knowledge of the fraud enters into a new contract concerning the same subject matter, or an agreement modifying the original contract, or renews the original contract for an additional term, or asks favors, as, for example, requesting an extension of time for performance, he will ordinarily be regarded as having waived the fraud in the original transaction." *Hines v. Hambrick*, 49 So.2d 690, 694 (Miss. 1951) (quoting 37 C.J.S. *Fraud* § 69). In this case, Liljeberg concedes in its own brief that, as early as 1988, it had refused to sign the final joint venture documents "[w]hen it became evident to Liljeberg that Duchkar could not perform the promises he had made." John Liljeberg testified that he did not sign the final

5

documents in early 1988 because "we had begun to get the feeling that everything was falling apart."  In other words, even if the jury had found fraudulent inducement, its finding that Liljeberg accepted a new agreement after discovery of the alleged fraud means that the fraudulent inducement claim fails as a matter of law.

Second, even if as Liljeberg claims there never was a new agreement, Liljeberg failed to repudiate the original agreement and demand rescission.  Under Mississippi law, "[a] contract obligation obtained by fraudulent representation is not void, but voidable.  Upon discovery thereof, the one defrauded must act promptly and finally to repudiate the agreement; however, a continuance to ratify the contract terms constitutes a waiver." *Allen v. Mac Tools, Inc.*, 671 So.2d 636, 641 (Miss. 1996) (quoting *Turner v. Wakefield*, 481 So.2d 846, 848-49 (Miss. 1985)).  Rather than promptly repudiating the agreement, Liljeberg continued to accept payments on the note, and as late as the 1995 trial of this matter, continued to seek the benefit of its original bargain, by seeking damages for lost profits on the joint ventures envisioned in the 1987 agreement.

By cross-appeal Duchkar argues that the district court erred in denying his motion for a trial amendment to assert his counterclaim.  His counterclaim was that Liljeberg had failed to pay him a bonus promised if the A.M.I. litigation ended favorably for Liljeberg.

6

FED. R. CIV. P. 15(b) allows amendments to conform to the evidence as to issues "tried by express or implied consent of the parties."  It permits the court to grant a trial amendment, and the court "shall do so freely" even when a party objects, unless the objecting party would be prejudiced.  "Whether leave to amend should be granted is entrusted to the sound discretion of the district court, and that court's ruling is reversible only for an abuse of discretion."  *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

We find no abuse of discretion.  Duchkar did not seek leave to assert the counterclaim until April of 1995, over two years after the suit had been filed and only a few weeks before trial. Prior to trial the court denied leave to assert the counterclaim, although it granted leave to raise new affirmative defenses. Liljeberg had been told by the court that the counterclaim would not be entertained.  Further, in light of the discovery problems discussed above, the court had reason to conclude that Liljeberg had not had an adequate opportunity to conduct discovery on the counterclaim.

AFFIRMED.